UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | x | 15-CR-621 |
| | x | |
| | x | **ORDER DENYING MOTION** |
| -v- | x | **FOR COMPASSIONATE** |
| | x | **RELEASE** |
| | x | |
| AKEEM MATHIS | x | |

-----------------------------------------------------------x


**ANDREW L. CARTER, JR., U.S. District Judge:**


## BACKGROUND

On January 6, 2017, I sentenced Mr. Mathis to 80 months custody, resulting from a term of 20 months for a narcotics conspiracy followed by a consecutive 60-month term for possessing a firearm in connection with a drug trafficking offense. This sentence was substantially lower than the guideline range of 130-147 months imprisonment.

Mathis made an administrative request for compassionate release. The Warden denied it on May 19, 2020. On August 5, 2020, Mathis filed this pro se motion for compassionate release. The government responded on August 16, Mathis filed his reply on September 1.

Mathis seeks compassionate release, not based on his own health concerns, but based on his desire to care for his seriously ill, disabled, and elderly grandmother, currently residing in a nursing home. Mathis wants to be released so he can check his grandmother out of the nursing home to care for her himself, claiming that she faces a heightened risk of contracting COVID-19 at the nursing home.

## DISCUSSION

"A court may reduce the term of imprisonment, after considering the factors set forth in 18 USC 3553 (a) to the extent they are applicable, if it finds that 1) extraordinary and compelling circumstances warrant such a reduction...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…" 18 U.S.C. 3582.(c)(1)(A).

Mr. Mathis indicates that his elderly grandmother suffers from many serious ailments. Several of these conditions would in fact make her more susceptible to COVID-19. However, each of these serious conditions, combined with her age, could pose serious health consequences without any exposure to COVID-19. In his reply, Mr. Mathis concedes that there is no evidence that his grandmother is currently receiving inadequate care. Mr. Mathis has not shown that he would be in a better position to provide care for his grandmother than trained professionals in a nursing home. It is

quite possible that discharging her from the nursing home might accelerate the deterioration of her health.

I am sure that Mr. Mathis cares deeply for his grandmother and that she cares deeply for him.  It seems his desire to discharge her from the nursing home is motivated, at least in part, by a strong desire to spend time with her and provide emotional support.  While this desire is laudable, it does not establish extraordinary and compelling circumstances warranting a reduction of his sentence for narcotics conspiracy and possessing a firearm in connection with a drug trafficking crime.

Since Mr. Mathis has not demonstrated extraordinary and compelling circumstances, his motion is denied.  There is no need to consider whether his release would be consistent with the Sentencing Commission's policy statements or the factors listed in 18 U.S.C. 3553 (a).

SO ORDERED:

Dated: New York, New York

      September 14, 2020

                                     /s/ Andrew L. Carter, Jr.
                                     _____

                                     ANDREW L. CARTER, JR.
                                     United States District Judge